**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANGELA MARIE BOGUE GILMORE, )
)
            Plaintiff, )
) CIVIL ACTION
v. )
) No. 12-1446-KHV
MARTY SNYDER, et al., )
)
            Defendants. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion For Reconsideration Of Order (Doc. #15) filed September 6, 2013. Plaintiff asks the Court to reconsider its order dated August 6, 2013, which overruled plaintiff's motion to prevent a magistrate judge from conducting pretrial proceedings in this case. Memorandum And Order (Doc. #14). D. Kan. Rule 7.3(b) governs plaintiff's motion.

Under D. Kan. Rule 7.3(b), a party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed, unless the Court extends the time. Plaintiff filed her motion to reconsider 31 days after the Court entered its order and did not seek an extension of time. It is therefore untimely and, in addition, is lacking in merit.

A motion to reconsider a non-dispositive order must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence. Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992). A motion to reconsider

is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994).  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.  Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).  Whether to grant a motion to reconsider is left to the Court's discretion.

Plaintiff's motion to reconsider does not cite an intervening change in controlling law or discuss newly available evidence.  It provides a Bible quotation which the Court construes as plaintiff's statement that the Court should reconsider its order to prevent manifest injustice.  Upon reviewing plaintiff's original motion and the Court's order, however, plaintiff's motion to reconsider simply restates plaintiff's original request which the Court has already rejected.  The Court therefore overrules plaintiff's motion to reconsider.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration Of Order (Doc. #15) filed September 6, 2013 be and hereby is **OVERRULED.**

Dated this 18th day of November, 2013, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge